The State, ex rel. Linehan, *v.* Noctor et al.,
    Board of Deputy State Supervisors and
        Inspectors of Elections, et al.

*Elections—Municipal councilmen—Votes for candidate nominated by petition—Cities of more than 2,000 population.*

Votes cast at an election for a candidate for councilman of a municipality having a population of over two thousand are invalid and should not be considered in determining the result of the election, where such candidate was nominated by petition.

(Decided February 19, 1923.)

In Mandamus: Court of Appeals for Hamilton county.

*Mr. Wm. J. Schick,* for relator.
*Mr. Simeon M. Johnson,* for respondents Thomas J. Noctor and Supply A. Butterfield.

Hamilton, J.   This is an original action in mandamus in which the relator seeks to compel the Board of Deputy State Supervisors and Inspectors of Elections of Hamilton County to issue to him a certificate of election as Councilman from the 20th Ward of the city of Cincinnati.

The petition shows the following vote cast for Councilman from that ward: For Walter C. Linehan, Republican candidate, 3,397 votes; for John S. Sheehan, Democratic candidate, 3,183 votes; for John S. Sheehan, Independent candidate, 521 votes.

The petition is challenged by demurrer, which admits the abstract made by the respondents to show the vote as above stated.

It is claimed and alleged in the petition that the 521 votes cast for Sheehan, the Independent candidate, for member of council, should not be counted in determining the result of the election; that Sheehan was nominated by petition and placed on the ballot as the Independent candidate; that his name was therefore placed upon the ballot without authority of law. The question is, therefore, as to the duty of the members of the board with reference to the 521 votes cast for the Independent candidate, nominated by petition. This question involves the construction of Section 4996, General Code, which reads:

"Nominations of candidates for any elective office in any township or in any municipality which at the last preceding federal census had a population of less than two thousand may, be made by petitions, signed in the aggregate for each candidate by not less than twenty-five qualified electors of such township or village."

This section was construed by the Supreme Court in reference to nomination of candidates by petition in the case of *State, ex rel. Conner,* v. *Noctor,* 106 Ohio St., 516, recently decided. In that case the Supreme Court says in the opinion, beginning at page 519:

"In the re-enactment of this section the legislature has failed to provide for the nomination of candidates by petition in municipalities having a population over 2,000, and we are unable to find any other provision which will apply to such cases.

"Section 4999 was re-enacted, and provides for nomination by petition for state, district and county officers, but clearly has no application to municipal or ward officers.

"The situation then is that to the legislature has been delegated the power and authority to provide for the nomination of officers by petition in municipalities having a population of over 2,000, and in subdivisions of such municipalities, but the legislature has failed and omitted so to do. Whether this omission was inadvertently or designedly done we are unable to state.    *   *   *

"Nor are we able to find that any specific provision of the constitution was invaded by the legislature when it enacted present Section 4996. This defect or omission in the election machinery is a question that should be addressed to the conscience, sound discretion, and judgment of the legislature, and not to the court. The court must take the legislative action as it is, and not transgress the prerogatives of the legislative branch of the government."

This construction of Section 4996 is determinative of the validity of the 521 votes cast for Sheehan on the Independent ticket. Under that decision, these votes are invalid and should not be considered by the board. This situation would then leave the abstract showing 3,397 votes cast for Walter C. Linehan for the office in question, and 3,183 votes cast for John S. Sheehan, giving Linehan a majority of 214 votes.

Our conclusion is that the relator is entitled to the certificate of election.

The demurrer is overruled, and the writ will be allowed.

*Writ allowed.*

CUSHING and BUCHWALTER, JJ., concur.